IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK TURNER** <br> c/o Friedman and Gilbert <br> 55 Public Square, Ste 1055 <br> Cleveland, OH 44113 <br><br> Plaintiff, <br> -vs- <br><br> **MATT HOLBROOK** <br> Portage County Justice Center <br> 8240 Infirmary Road <br> Ravenna, OH 44266 <br><br> and <br><br> **CPL. HOSTLER** <br> Portage County Justice Center <br> 8240 Infirmary Road <br> Ravenna, OH 44266 <br><br> and <br><br> **DEREK G. MCCOY** <br> Portage County Justice Center <br> 8240 Infirmary Road <br> Ravenna, OH 44266 <br><br> and <br><br> **STEFAN ORWICK** <br> Portage County Justice Center <br> 8240 Infirmary Road <br> Ravenna, OH 44266 <br><br> and <br><br> **DETECTIVE SPRINGER** <br> Portage County Justice Center <br> 8240 Infirmary Road <br> Ravenna, OH 44266 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. <br><br> JUDGE <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

1

## INTRODUCTION

1. This is a civil rights action seeking damages for injuries arising out of a vicious attack against Plaintiff Mark Turner by his jailers at the Portage County Jail while he was in their custody.

2. During the course of this attack, the Defendant jailers tased Plaintiff Turner, broke his humerus bone, and caused him to suffer massive rotator cuff injury when they took him to the ground and brutally yanked his arms behind his back. These injuries required surgical repair and continues to cause Plaintiff pain and loss of range of motion.

3. Defendants Holbrook, Cpl. Hostler, Orwick, Springer, and McCoy are responsible for the trauma, injuries, and damages suffered by Plaintiff Turner as a result of the Defendants' brutality and illegal actions.

4. Plaintiff Turner seeks damages and other relief under federal law for the Defendants' use of excessive force against him and under state law for willful, wanton, and/or reckless conduct, and intentional infliction of emotional distress.

## JURISDICTION AND VENUE

5. The Jurisdiction of this Court is invoked pursuant to the Constitution of the United States and the Civil Rights Act, 42 U.S.C. § 1983, et seq. This action arises under the laws of the United States, and jurisdiction is conferred on this Court under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). Supplemental jurisdiction of the Court over the claims arising under state law is invoked under 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

## PARTIES

7. Plaintiff Mark Turner is a resident of Portage County, Ohio.

8. Defendants Holbrook, Hostler, McCoy, Orwick, and Springer were, at all times relevant hereto and in all their actions described herein, duly-appointed sheriff's deputies working at the Portage County Jail, acting under color of law, within the scope of their employment and official duties, and pursuant to their authority. They are sued in their individual capacities.

## FACTS

9. On April 28, 2016, Mark Turner was in the custody of the Portage County Jail.

10. Shortly after he was booked into the facility, Turner began to request access to mental health care treatment.

11. Instead of providing this access to mental health care, Defendant Cpl. Hostler decided to put Turner in a restraint chair.

12. Defendants Holbrook, Cpl. Hostler, Orwick, Springer, and McCoy entered Turner's cell.

13. Defendant McCoy tased Turner in his left shoulder and back, immobilizing Turner and causing him pain.

14. Turner landed on the ground.

15. While Turner was on the ground, Defendants Holbrook, Cpt. Hostler, Orwick, Springer, and McCoy forcibly restrained him, kneed him, and yanked his arms behind his back.

16. As a result of this brutality, Turner immediately began to experience massive pain in his arm and shoulder.

17. After Turner was handcuffed, the Defendants secured him in a restraint chair for one hours and twenty-five minutes, even though Turner informed them that the restraint was causing him to suffer extreme pain.

18. Each Defendant had the duty and opportunity to intervene to protect Turner, and to prevent the unconstitutional use of force against Turner but failed to do anything to prevent this unlawful attack.

19. Defendants jointly agreed and/or conspired with each other to complete false, misleading, and incomplete official reports and to give a false, misleading, and incomplete version of events to their superiors, prosecutors, and the public, in order to cover up their own misconduct.

20. Turner was taken to the jail medical unit for treatment for his injuries. He rated his pain at the time as an 8 out of 10 and his shoulder was swollen. An x-ray showed a fracture to his proximal humerus.

21. Upon his release from Portage County Jail, Turner was treated at Crystal Clinic. He underwent surgery to repair a massive rotator cuff tear and the fracture to his humerus.

22. After surgery, Turner required intensive physical therapy. He continues to suffer severe pain and limited range of motion in his arm and shoulder.

23. Turner has sustained permanent and severe physical and emotional injuries as a result of the actions of Defendants' actions.

24. In violating Turner's constitutional rights and in causing injuries to Turner, Defendants engaged in willful, wanton, reckless, and/or negligent conduct. This unconstitutional conduct and willful, wanton, reckless, and/or negligent conduct was the direct, actual, and proximate cause of Turner's injuries.

25.     As a direct and proximate result of said Defendants' conduct, either individually and/or collectively, Plaintiff Turner suffered and continues to suffer lasting injuries including, *inter alia*, physical pain and harm, and serious and severe mental, emotional, and psychological injuries and damages.

26.     The injuries suffered by Turner were all preventable, had Defendants not engaged in unconstitutional conduct in violation of his fundamental rights.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Claim for Unconstitutional Search and Seizure**

27.     All of the foregoing paragraphs are incorporated as though fully set forth here.

28.     The actions of Defendants Holbrook, Cpt. Hostler, Orwick, Springer, and McCoy, as alleged in the preceding paragraphs, violated Mark Turner's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in the complaint.

29.     The actions of Defendants Holbrook, Cpt. Hostler, Orwick, Springer, and McCoy as alleged in this complaint were the direct and proximate cause of the constitutional violations set forth above and of Mark Turner's injuries.

30.     Defendants acted under color of law and within the scope of their employment when they took these actions.

31.     As a direct and proximate cause of Defendants' misconduct, Turner suffered and continues to suffer injury and damages as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Failure to Intervene

32. All of the foregoing paragraphs are incorporated as though fully set forth here.

33. As set forth in the foregoing paragraphs, Defendants Holbrook, Cpt. Hostler, Orwick, Springer, and McCoy had the opportunity, duty, and ability to intervene on behalf of Turner during the other Defendant's unconstitutional conduct described in this Complaint, but failed to do so and thereby caused the injuries to Turner as set forth above.

34. Defendants observed or had reason to know that constitutional violations would be used or were being used, and had both the opportunity and the means to prevent the harm from occurring.

35. Therefore, the acts of Defendants violated 42 U.S.C. § 1983.

36. Defendants acted intentionally, willfully, and/or in a reckless, wanton, gross or unreasonable manner.

37. As set forth in the foregoing paragraphs, Defendants violated Turner's constitutional rights, and caused the injuries set forth in this Complaint.

38. As a direct and proximate result of Defendants' conduct, Turner suffered and continues to suffer injury and damages as stated in this Complaint.

## THIRD CLAIM FOR RELIEF
### State Law Claim for Willful, Wanton and Reckless Conduct

39. All of the foregoing paragraphs are incorporated as though fully set forth here.

40. Defendants Holbrook, Cpt. Hostler, Orwick, Springer, and McCoy failed to exercise due care, and acted with a malicious purpose and/or in bad faith and/or in a willful and/or wanton and/or reckless manner while engaged in law enforcement functions and activities, including but not limited to unreasonable seizure and use of force against Mark Turner.

41. Each of the individual Defendants, as set forth herein, engaged in negligent, reckless, and /or willful and/or wanton conduct such that they are not entitled to the immunities set forth in O.R.C. § 2744.01 *et seq*.

42. Defendants acted under color of law and within the scope of their employment when they took these actions.

43. As a direct and proximate cause of Defendants' misconduct, Turner suffered and continues to suffer injury and damages as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF
### State Law Claim for Intentional Infliction of Emotional Distress

44. All of the foregoing paragraphs are incorporated as though fully set forth here.

45. Defendants Holbrook, Cpt. Hostler, Orwick, Springer, and McCoy engaged in extreme and outrageous behavior as alleged in this complaint, and breached the standard of care.

46. Defendants Holbrook, Cpt. Hostler, Orwick, Springer, and McCoy intended such conduct to inflict severe emotional distress upon Mark Turner and knew or should have known that their conduct would cause Mark Turner severe and serious emotional distress.

47. Defendants' conduct did, in fact, cause such distress, including, *inter alia*, serious and severe mental, emotional, and psychological injuries and damages.

48. Defendants' conduct was so outrageous and extreme in degree as to go beyond all bounds of decency.

49. The mental anguish suffered by Turner as a result of Defendants' conduct is of a nature that no reasonable person could be expected to endure it.

50. As a direct and proximate result of Defendants' outrageous conduct, Mark Turner suffered and continues to suffer injury and damages as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Mark Turner demands that judgment be entered in his favor on all counts and prays the Court award the following relief:

A. Compensatory damages in an amount exceeding the jurisdictional amount in controversy requirement, to be determined at trial, for the violation of Plaintiff's rights;

B. Punitive damages in an amount to be determined at trial for the willful, wanton, malicious, and reckless conduct of Defendants;

C. Attorney fees and the costs of this action and other costs that may be associated with this action pursuant to 42 U.S.C. Section 1988; and

D. All other relief which this Honorable Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

`

    Respectfully submitted,

    */s/ Sarah Gelsomino*
    SARAH GELSOMINO (0084340)
    JACQUELINE C. GREENE (0092733)
    TERRY H. GILBERT (0021948)
    FRIEDMAN & GILBERT
    55 Public Square, Suite 1055
    Cleveland, OH 44113-1901
    Tel:   (216) 241-1430
    Fax:  (216) 621-0427
    Email: sgelsomino@f-glaw.com
           jgreene@f-glaw.com
           tgilbert@f-glaw.com

    *Attorneys for Plaintiff Mark Turner*